a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JAMES ARTHUR WOODLEY<br>Petitioner | CIVIL ACTION NO. 1:16-CV-1104;<br>SECTION "P" |
| VERSUS | CHIEF JUDGE DRELL |
| WARDEN CARVAJAL,<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a pro se petition for writ of habeas corpus (28 U.S.C. § 2241) filed by Petitioner James Arthur Woodley (#83958-079). (Doc. 1). Petitioner is an inmate in the custody of the Federal Bureau of Prisons, incarcerated at the United States Penitentiary in Pollock, Louisiana. Petitioner challenges the legality of his conviction.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

### Factual Allegations

On April 5, 2009, Petitioner was convicted of possession of more than 50 grams of cocaine with intent to distribute, conspiracy to possess more than 50 grams of cocaine with intent to distribute, and possession of a firearm during and in relation to a drug trafficking crime. See United States v. Woodley, 37 F. App'x 91 (5th Cir.

2002). Petitioner was sentenced to 420 months of imprisonment. See id. The conviction and sentence were affirmed on appeal. See id.

Petitioner filed a § 2255 motion challenging his conviction on the grounds of ineffective assistance of counsel, due process violations, and fraud by the government. The motion was denied on June 21, 2004. See United States v. Woodley, No. 06-1254, 2006 WL 2854451, at *1 (S.D. Tex. Oct. 4, 2006). Petitioner filed a motion for certificate of appealability in the United States Fifth Circuit Court of Appeals, which was denied on February 16, 2005. (5th Cir. Case No. 04-20565, Doc. 5134374).

On March 17, 2006, Petitioner filed a motion for relief from judgment in the Southern District of Texas. He alleged that the final judgment dismissing his § 2255 motion to vacate was procured through fraud and should be set aside pursuant to Rule 60(b)(3) of the Federal Rules of Civil Procedure. See United States v. Woodley, No. 06-1254, 2006 WL 2854451, at *3 (S.D. Tex. Oct. 4, 2006). The court found that any request for relief under Rule 60(b)(3) was untimely, and Petitioner could not meet his burden of showing any relief was available under Rule 60(b). Id. On April 23, 2007, Petitioner's appeal was dismissed for want of prosecution. (Case No. 06-20948, 5th Cir.).

On February 16, 2012, Petitioner filed a motion to modify sentence under 18 U.S.C. § 3582(c)(2) because the sentencing range had been lowered by the United States Sentencing Commission. The motion was granted, and Petitioner's sentence was reduced to 324 months of imprisonment. (Case 4:99-cr-464, S.D. Tex., Doc. 199).

On November 29, 2013, Petitioner filed a petition for writ of habeas corpus under § 2241 in the United States District Court for the District of New Hampshire. See Woodley v. Warden, FCI, Berlin, No. 13-cv-513, 2014 WL 2761743, at *1 (D.N.H. June 18, 2014). Petitioner claimed that he was actually innocent and should be allowed to proceed with the § 2241 petition under the savings clause of § 2255. The court found that Petitioner did not meet the savings clause, and the petition was dismissed. Id. Petitioner sought review in the United States First Circuit Court of Appeals, which affirmed the dismissal. (Case No. 14-1768, 1st Cir.). The Supreme Court denied writs on November 30, 2015. See Woodley v. Tatum, 136 S. Ct. 558 (2015).

On November 3, 2014, and March 2, 2015, Petitioner filed motions for retroactive application of the sentencing guidelines. (Case No. 4:99-cr-464, S.D. Tex., Docs. 201, 207). The motions were granted, and Petitioner's sentence was reduced to 300 months of imprisonment. (Case No. 4:99-CR-464, S.D. Tex., Doc. 209). Petitioner's appeal was dismissed for want of prosecution. (Case No. 4:99-CR-464, S.D. Tex., Doc. 215).

Petitioner claims that he is entitled to proceed under the savings clause of § 2255. Petitioner alleges that the government defrauded the district court in his § 2255 proceeding, that he was denied effective assistance of counsel, and that he was denied his right to counsel of choice. (Doc. 1, p. 6-7). Petitioner also claims that he is actually innocent. (Doc. 1-1, p. 1).

## Law and Analysis

A federal prisoner may challenge his sentence under either 28 U.S.C. §§ 2241 or 2255. Though closely related, these two provisions are "distinct mechanisms for seeking post-conviction relief." Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000). A § 2241 petition may be filed by a prisoner to challenge the manner in which his sentence is being executed. See Reyes–Requena v. U.S., 243 F.3d 893, 900–01 (5th Cir. 2001) (citing Warren v. Miles, 230 F.3d 688, 694 (5th Cir. 2000)). The proper venue for such a challenge is the district in which the prisoner is incarcerated. See Kinder v. Purdy, 222 F.3d 209, 212 (5th Cir. 2000) (citing Pack, 218 F.3d at 451).

In contrast, a § 2255 motion should be used to vacate, set aside, or correct a sentence based on errors that occurred at or prior to sentencing. See Cox v. Warden, Federal Detention Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990) (citing United States v. Flores, 616 F.2d 840, 842 (5th Cir. 1980)). The claims that are cognizable under § 2255 are broadly defined to include allegations that "judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law . . . or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable." 28 U.S.C. § 2255(b).

A § 2255 motion "provides the primary means of collateral attack on a federal sentence" and must be filed in the court which issued the contested sentence. See Cox, 911 F.2d at 1113. A § 2241 petition that seeks to challenge the validity of a federal sentence or conviction must be either dismissed or construed as a § 2255 motion by the court. See Pack, 218 F.3d at 452.

4

Petitioner claims that he was denied effective assistance of counsel, that he was denied his right to counsel of choice, and that he is actually innocent. (Doc. 1, p. 6-7; Doc. 1-2, p. 1). He also argues that, in his § 2255 proceeding, the government defrauded the district court. The validity of the judgment of dismissal in Petitioner's § 2255 proceeding in the Southern District of Texas cannot be raised in this District Court. Petitioner's other claims challenge the validity of his federal conviction or sentence, not the manner in which his sentence is being executed. Unless his petition falls under the savings clause of 28 U.S.C. § 2255, it should be dismissed.[1]

The savings clause is a limited exception to the rule that a § 2241 petition may not be used to challenge the validity of a federal sentence and conviction. See Pack, 218 F.3d at 452. It allows a prisoner to rely on § 2241 if the remedy available under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The burden of affirmatively proving that the § 2255 remedy is inadequate is squarely on the petitioner. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979).

The Fifth Circuit Court of Appeals has identified the limited circumstances under which the savings clause of § 2255 applies. To fall under this provision, a petitioner must demonstrate that: (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was

---

[1] The petition must either be construed as a § 2255 motion or dismissed. See Pack, 218 F.3d at 452. Either avenue leads to the same destination in this case. Because Petitioner filed in the district in which he is incarcerated rather than in the sentencing court, construing his § 2241 petition as one filed under § 2255 would result in its dismissal.

"actually innocent" of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original § 2255 petition. Reyes–Requena, 243 F.3d at 904. "[T]he core idea is that the petitioner may have been imprisoned for conduct that was not prohibited by law." Id. at 903.

Although Petitioner claims that he is entitled to proceed under the savings clause, he has not identified a retroactively applicable Supreme Court decision establishing that he may have been convicted of a nonexistent offense. Id. Additionally, Petitioner's claims were raised in prior appeals and habeas petitions.

To the extent Petitioner argues that he is entitled to proceed under § 2241 because he is otherwise innocent, his claim fails. A claim of actual innocence does not provide an exception to the requirement that a petitioner must qualify under the savings clause of § 2255 to challenge his conviction and sentence in a § 2241 petition. The Fifth Circuit has consistently held that federal habeas law does not recognize a freestanding actual-innocence claim. See In re Swearingen, 556 F.3d 344, 348 (5th Cir. 2009); Foster v. Quarterman, 466 F.3d 359, 367 (5th Cir. 2006) (actual-innocence is not an independently cognizable federal habeas claim).

Any procedural barriers to Petitioner seeking relief under § 2255 do not make that section's remedy inadequate or ineffective for purposes of the savings clause. See Frees v. Maye, 441 F. App'x 285, 287 (5th Cir. 2011) (citing Pack, 218 F.3d at 453; Tolliver v. Dobre, 211 F.3d 876, 878 (5th Cir. 2000) (per curiam)).

6

For the foregoing reasons, **IT IS RECOMMENDED** that the § 2241 petition be **DISMISSED** for lack of jurisdiction. Petitioner must seek permission from the Fifth Circuit Court of Appeals to file a second or successive § 2255 petition in order to seek the relief requested in his petition.

Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before a final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this \_\_12th\_\_ day of September, 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge